

Signed and Filed: January 19, 2010

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re ) Bankruptcy Case
) No. 09-33061DM
PINELOPE V. ALIZOTIS, )
)
                       Debtor. ) Chapter 13
_____)

MEMORANDUM DECISION ON MOTION TO VALUE AND AVOID LIEN

I. <u>Introduction</u>

    On January 13, 2010, the court held a trial on the motion of Pinelope V. Alizotis ("Debtor") to value/avoid the lien of Christina B. Drogin ("Drogin"). Debtor appeared by and through Dean Lloyd, Esq., her attorney; Drogin appeared by and through Adam C. Kent, Esq., her attorney. The single issue presented to the court on the motion is the value of Debtor's residence (the "Residence"). The parties agree that the holder of the first deed of trust on the Residence is owed $548,000 and real property taxes are approximately $1,800. Thus, if the Residence is valued at anything more than $550,000, the lien Drogin holds cannot be altered under controlling law (<u>see</u> 11 U.S.C. § 1322(b)(2)) and must be dealt with in Debtor's Chapter 13 plan without modification.

    Debtor offered the expert testimony and written appraisal of John K. Emery ("Emery"). Drogin offered the expert testimony and

written appraisal of Michael Botta ("Botta"). After considering the evidence and the testimony of the two appraisers, the court finds Botta's appraisal to be more persuasive and finds further that the value of the Residence exceeds $550,000, but is somewhat less than Botta's appraisal of $590,000. Thus, Debtor's motion must be denied.

II. <u>Discussion</u>[1]

The court has a problem with Emery's use of two pending sales rather than completed transactions, as comparables used to value the Residence. By definition, a pending sale is just that: it has not occurred. Accordingly, the court will disregard those two comparables, not only because they have little probative value but also because Botta was convincing in his explanation that sales of homes in the area of the Residence at the present time are closing over the asking prices. Thus, Emery's figures for those two comparables should either be disregarded, increasing the value of the Residence somewhat, or increased by some amount, further compelling an even greater increase in the value of the Residence.

Emery also used two other sales that followed foreclosure (one of which was used by Botta too). Botta testified, and the court finds, that some downward pressure may exist on sale prices when institutional lenders are selling real estate they have acquired through foreclosure. This would also necessitate an increase in the value of the Residence. While the court does not know how much of an increase would be realized, even a five percent upward adjustment of those comparables would justify an

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

-2-

Case: 09-33061    Doc# 51    Filed: 01/19/10    Entered: 01/20/10 08:33:33    Page 2 of 4

increase in the value of the Residence by a meaningful amount. Emery also presumed a repair cost of $20,000 to $25,000 for the Residence in what he called an "extraordinary assumption." Such an assumption is not warranted by the evidence presented and further undermines Emery's valuation of $525,000.

Botta was also convincing that Emery's $20,000 downward adjustment for the view at one of the comparables relied on by both appraisers was not justified, nor were the absence of upward adjustments based upon more favorable traffic and noise conditions at the Residence.

For the foregoing reasons Emery's valuation plainly must be adjusted to an amount in excess of $550,000 and the motion must fail. While an exact valuation is not necessary, the court finds that Botta's own figure of $590,000 must be adjusted downward based upon a large difference between his and Emery's treatment of one comparable, and also because of Botta's unwillingness to adjust his $590,000 value downward after viewing the interior of the Residence and noticing problems with it.

The bottom line is that the Residence is worth no less than $560,000; whether it is worth more is not necessary to determine with any precision.

III. Conclusion

For the foregoing reasons this motion is DENIED. Counsel for Drogin should submit a form of order denying the motion for the reasons stated in this Memorandum Decision and should comply with B.L.R. 9021-1.

**END OF MEMORANDUM DECISION**

```
 1                    COURT SERVICE LIST

 2  Dean Lloyd, Esq.
    Law Offices of Dean Lloyd
 3  445 Sherman Ave., #1
    Palo Alto, CA 94306
 4
    Adam C. Kent, Esq.
 5  Law Office of Adam C. Kent
    605 Middlefield Rd.
 6  Redwood City, CA 94063

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```